UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| **TONYA BELTON, AMANDA CHAMBERS, and CHRISTON ROBERTSON,** | ) ) ) ) |
| **Plaintiff,** | ) **Civil Action No.** ) |
| v. | ) **1:18-CV-00876** ) |
| **SGRTEX USA, INC.** | ) **Jury Trial Demanded** ) |
| **Defendant.** | ) ) ) |

## COMPLAINT

Come now the Plaintiffs, and complaining of the Defendant, allege as follows:

### NATURE OF COMPLAINT

1. This is an action seeking damages against Defendant for violation of Plaintiffs' rights protected by Title VII of the Civil Rights Act of 1964, 42 USC §2000e et. seq.

### PARTIES, JURISDICTION, AND VENUE

2. Plaintiff, Tonya Belton, is a citizen and resident of Eden, Rockingham County, North Carolina.

3. Plaintiff, Amanda Chambers, is a citizen and resident of Eden, Rockingham County, North Carolina.

4. Plaintiff, Christon Robertson, is a citizen and resident of Eden, Rockingham County, North Carolina.

5. Defendant, SGRTEX USA, Inc., is a Foreign Corporation operating in Eden, North

1

Carolina and may be served with process through its registered agent, Joseph G. Maddrey, at PO Box 507, Eden, NC 27289.

6. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as there are issues of Federal Law.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(c) as Defendant is subject to the personal jurisdiction of this Court, and because the acts giving rise to this action occurred in this District.

## ALLEGATIONS

8. Plaintiff, Tonya Belton (hereinafter "Belton" or "Plaintiff Belton"), female, was employed by Defendant, SGRTEX, USA, Inc., (hereinafter "SGRTEX" or "Defendant"), as a Machine Operator beginning on or about February 8, 2016 until her termination in or about October 2017. Belton was qualified for the position of Machine Operator through experience and training.

9. Plaintiff, Amanda Chambers (hereinafter "Chambers" or "Plaintiff Chambers"), female, was employed by SGRTEX as a Machine Operator beginning on or about July 25, 2015 until her termination on or about December 15, 2015. Chambers was qualified for the position of Machine Operator through experience and training.

10. Plaintiff, Christon Robertson (hereinafter "Robertson" or "Plaintiff Robertson"), female, was employed by SGRTEX as Quality Control beginning in or about March 2015 until her termination on or about June 17, 2016. Robertson was qualified for the position of Quality Control through experience and training.

11. SGRTEX was an "employer" at all times relevant to this Complaint, as defined by 42 U.S.C. 2000e(b).

12.	During the course of their employment, Plaintiffs were supervised by Karthi Kitchanan, Plant Manager (hereinafter "Kitchanan").

13.	Over the course of time that Kitchanan supervised Plaintiffs, Plaintiffs were subjected to regular and ongoing sexual harassment from Kitchanan. The sexual harassment consisted of lewd and sexual remarks, sexual advances, physical assaults and unwanted touching. The following is a non-exhaustive list of examples of the sexual harassment:

    A.	Kitchanan repeatedly made sexual comments and sexual advances to Plaintiff Robertson.

    B.	Kitchanan cornered Plaintiff Robertson against a desk and attempted to kiss her.

    C.	Kitchanan grabbed Plaintiff Robertson and tried to pull her against his body.

    D.	Kitchanan repeatedly made sexual comments and sexual advances to Plaintiff Chambers.

    E.	Kitchanan grabbed Plaintiff Chambers' breasts on multiple occasions.

    F.	Kitchanan repeatedly made sexual comments and sexual advances to Plaintiff Belton.

    G.	Kitchanan grabbed Plaintiff Belton's breasts and attempted to kiss her.

14.	Plaintiffs did not welcome Kitchanan's comments, gestures, or actions of a sexual nature, were offended by same, and asked Kitchanan to stop his behavior on numerous occasions. Kitchanan did not stop his harassment which was both objectively and subjectively offensive.

15. Upon information and belief, Kitchanan sexually harassed other female employees prior to harassing Plaintiffs and the Defendant was aware of the harassment of other female employees.

16. Plaintiff Belton reported Kitchanan's behavior to Larry Peeler, supervisor, as well as notifying the police.

17. Plaintiffs Chambers reported Kitchanan's behavior on two separate occasions to management and were informed that there would be an investigation. Chambers was then put on leave by Human Resources and was told that she would have to return to work or quit, but was provided with no assurance that the harassing behaviors would stop.

18. Plaintiff Robertson reported Kitchanan's behavior to Human Resources and was terminated less than two months later, but was told by SGRTEX that she was "voluntarily resigning."

19. Any reason that SGRTEX may have provided for Plaintiffs' termination is pretext for retaliation due to Plaintiffs' complaints of sexual harassment as they were performing acceptably at the time of their termination.

20. On or about July 11, 2016, Plaintiff Belton filed a charge of Sexual Harassment and Retaliation against SGRTEX with the United States Equal Employment Opportunity Commission ("EEOC"). (A copy of that charge, with personal information redacted, is attached hereto as Exhibit A.)

21. On or about February 25, 2016, Plaintiff Chambers filed a charge of Sexual Harassment and Retaliation against SGRTEX with the United States Equal Employment Opportunity Commission ("EEOC"). (A copy of that charge, with personal information redacted, is attached hereto as Exhibit B.)

22. On or about August 4, 2016, Plaintiff Robertson filed a charge of Sexual Harassment and Retaliation against SGRTEX with the United States Equal Employment Opportunity Commission ("EEOC"). (A copy of that charge, with personal information redacted, is attached hereto as Exhibit C.)

23. Belton was issued a Cause Determination from the EEOC on May 8, 2018, which found reasonable cause to believe SGRTEX violated the law (Determination attached as Exhibit D).

24. Chambers was issued a Cause Determination from the EEOC on May 8, 2018, which found reasonable cause to believe SGRTEX violated the law (Determination attached as Exhibit E).

25. Robertson was issued a Cause Determination from the EEOC on May 8, 2018, which found reasonable cause to believe SGRTEX violated the law (Determination attached as Exhibit F).

26. On July 10, 2018, a conciliation meeting was held, which resulted in failure of conciliation.

27. Belton received a Notice of Right to Sue with a mailing date of July 13, 2018 (A redacted copy of the Notice, stamped received July 18, 2018, is attached hereto as Exhibit G).

28. Chambers received a Notice of Right to Sue with a mailing date of July 13, 2018 (A redacted copy of the Notice, stamped received July 18, 2018, is attached hereto as Exhibit H).

29. Robertson received a Notice of Right to Sue with a mailing date of July 13, 2018 (A redacted copy of the Notice, stamped received July 18, 2018, is attached hereto as Exhibit I).

30. This action is filed within ninety (90) days of Plaintiffs' receipts of the Notices of Right to Sue from the EEOC.

## FIRST CLAIM FOR RELIEF
### (Sexual Harassment - Title VII of the Civil Rights Act of 1964)

31. Plaintiffs incorporate by reference the allegations of paragraphs 1 through 30 of this Complaint.

32. At all times during Plaintiffs' employment with Defendant, the harassing conduct from Kitchanan was severe or pervasive, unwelcome and offensive to Plaintiffs and directed to them due to their sex, female.

33. Defendant's subjection of Plaintiffs to a sexually hostile work environment caused Plaintiffs' damages, including but not limited to great emotional distress, mental pain, suffering, stress, grief, worry and mental anguish.

34. Defendant's actions in allowing the sexually harassing environment to which Plaintiffs were submitted was intentional, willful, and in reckless disregard for Plaintiffs' legally protected rights and justify awarding punitive damages.

35. Therefore, Plaintiffs sue Defendant for violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq.

## SECOND CLAIM FOR RELIEF
### (Retaliation - 42 U.S.C. § 2000e *et. seq.*)

36. Plaintiffs incorporate by reference the allegations of paragraphs 1 through 30 of this Complaint.

37. Plaintiffs complained to Defendant about the unlawful sexual harassment directed at Plaintiffs by Kitchanan. Plaintiffs' complaints to Defendant constitutes legally protected activity under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq*.

38. Defendant's discharge of Plaintiffs were due to their complaints of unlawful harassing

conduct directed at Plaintiffs, and any of Defendant's reasons for Plaintiffs' discharge are pretext to unlawful retaliation.

39. Defendant's discharge of Plaintiffs in retaliation for Plaintiffs engaging in legally protected activity violated Plaintiffs' rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq*.

40. Defendant's termination of Plaintiffs in violation of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq*. caused Plaintiffs injuries including but not limited to, lost wages, salary, benefits; and emotional distress, mental pain, suffering, stress, grief, worry and mental anguish.

41. Defendant's actions in terminating Plaintiffs were intentional, willful, and in reckless disregard for Plaintiffs' legally protected rights, and justify awarding punitive damages.

42. Therefore, Plaintiffs sue Defendant for retaliation in violation of Title VII, 42 U.S.C. § 2000e, *et seq*.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that:

A. The Court enter a judgment in favor of Plaintiff and against Defendant to include compensation for lost wages, lost benefits, and other economic losses that were proximately caused by the unlawful actions referenced herein.

B. The Court enter an award in favor of Plaintiff and against Defendant for punitive damages caused by its intentional, willful, wanton, and reckless actions in subjecting Plaintiff to sexual harassment and retaliation.

C. The Court enter an award in favor of Plaintiff and against Defendant for great emotional distress, mental pain, suffering, stress, grief, worry, and mental anguish caused by Defendant's actions as alleged herein.

D.      The Court enter an award in favor of Plaintiff and against Defendant for reasonable expenses and costs.

E.      This matter be tried by a jury.

F.      The judgment bear interest at the legal rate from the date of filing this action until paid.

G.      Defendant be taxed with the costs of this action; and

H.      The Court order such other and further relief as it may deem just and proper.

Respectfully submitted, this, the 16th day of October, 2018.

/s/KIRK J. ANGEL_____
Kirk J. Angel, NCSB#: 33559
Attorney for Plaintiff
THE ANGEL LAW FIRM, PLLC
PO Box 1296 (28026)
109 Church Street N
Concord, NC 28025
Telephone: 704.706.9292
Facsimile: 704.973.7859
E-mail: kirk@mailalf.com